## CHAPMAN v. GROVES and Others.

If an assessment of damages on a writ of *ad quod damnum* be proved to be too high or too low, the Circuit Court may set it aside and order another assessment.

On such writ, issued after the dam was built, damages were assessed and not objected to. The Court gave judgment on the assessment, and ordered that, on payment of the damages and costs, the petitioner should "have leave to continue his dam, and to flow said lands as they were flowed by said dam at the time of said inquest." *Held,* that this order could not be complained of by the petitioner.

ERROR to the *Kosciusko* Circuit Court.

DEWEY, J.—The plaintiff in error, being the owner of a saw-mill and dam, petitioned the Circuit Court for a writ of

*ad quod damnum.* A writ was issued, a jury summoned, and an inquest found and returned into Court; and the proper notices appear to have been given. The jury assessed the damages for overflowing a certain tract of land, owned by a part of the defendants in error, at 15 dollars and 91 cents, and for overflowing another tract, owned by another of the defendants in error, at 32 dollars and 25 cents. The parties appeared. The Court, upon testimony adduced and cause shown, decided the assessments of damages to be unreasonable, set them aside, and ordered a new writ of *ad quod damnum* to be issued, upon the payment of the costs by the petitioner. Another writ was issued, and there was another inquest returned into Court. On the second inquest, the damages for overflowing the tract of land first named were assessed at 47 dollars and 16 cents, and the damages for overflowing the second tract were assessed at 93 dollars and 47 cents. No objection being made to the latter inquest, the Court rendered judgments on the assessments of damages therein made, in favour of the proper persons; and ordered that, on the payment of the damages and costs, the petitioner should "have leave to continue his dam, and to flow said lands as they were flowed by said dam at the time of said inquest."

Two objections are made to the correctness of these proceedings. First, that the Court set aside the assessments of damages made by the first inquest; and, secondly, that the petitioner's right to overflow the lands named in the inquest is, by the order of the Court, confined to the precise quantity overflowed at the time of finding the inquest, without regard to the stage of water at different times.

Neither of these objections can be sustained. With regard to the first, it is sufficient to remark, that the record does not show on what ground the first inquest was set aside, nor even on whose motion. The statute authorizes the Court to set aside an inquest upon a writ of *ad quod damnum*, "for sufficient cause," and to award another writ, upon the payment of the costs by the applicant for the writ. R. S. 1843, p. 947. As the record shows nothing to the contrary, we must presume the decision of the Circuit Court was right. But if (as is supposed by the plaintiff in error) the Court

quashed the assessments of damages, on the motion of the defendants in error, and because it appeared in evidence that the damages were too low, we are by no means prepared to say that an error was committed. On the contrary, our opinion is, that the finding of the jury, as to the amount of the damages, was not conclusive; but that the Court had a right to hear testimony on the subject, and to set the inquest aside if it appeared that the damages were too small or too large. We think this would be showing "a sufficient cause" under the statute.

With regard to the second objection, we view the order of the Court to be, virtually, that the petitioner should have leave to continue his dam of the same height it had when the inquest was found, and to overflow the lands named in the inquest accordingly. The extent of the overflowing must, of course, depend in some degree upon the stage of the water.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Chapman* and *J. H. Bradley*, for the plaintiff.

*J. B. Niles* and *A. L. Osborn*, for the defendants.