## WOOD *v.* WILSON and Another.

*A.* built a mill and dam, and proceeded to obtain a writ of *ad quod damnum.* The jury found that the mill was of public utility, and that no injury would result from its erection, except to *B.*, whose lands were overflowed and injured 50 dollars. *B.* appeared in the Circuit Court and filed nine pleas. The last five were—5th. That the damage to the lands was more than 50 dollars, to-wit, 500 dollars. 6th. That he (*B.*) was the owner of a mill, &c., above that of *A.*, which was greatly injured, &c. 7th. That he was the owner of a certain spring, &c., which was greatly injured. 8th. That a mill privilege owned by *B.*, on his land above said mill, was greatly injured over and above said assessment, to-wit, 500 dollars. 9th. That a flume, bulk-head, and race, owned by *B.*, above said mill, was rendered valueless, to his injury 50 dollars, over the amount assessed, &c. Issue upon the 6th, 7th, and 8th pleas, and as to the 9th, reply that the race, bulkhead, &c., were, by said *B.*, erected in bad faith, for the purpose of injuring, &c. Rejoinder by *B.* taking issue. Trial by jury; failure to agree. Several terms afterwards, *B.* moved to dismiss the proceeding. The record states that the Court, "after hearing the proofs and allegations of said defendant in favor of said motion, and the proofs and allegations of the parties, both in support of and against said motion, issues, and traverses, made, joined, and tendered, as aforesaid, except as to the amount of damage assessed by the jury of inquest, on which subject evidence was introduced by both parties, but was not considered by the Court in deciding said motion, the Court found for the plaintiffs, and overruled said motion." Without further trial, the inquest was confirmed. Objections by *B.*, that he had no notice of the time of holding the inquest; that the form of the oath of the jury was wrong; and that the confirmation of the inquest was erroneous.

*Held,* 1. That as *B.* appeared at the first term after the return and filing of the inquest, and did not make either of the first two objections, it is too late on appeal.

2. That the issues of fact upon the question of damages, should have been disposed of before the Court should have made an order of confirmation.

APPEAL from the *Porter* Circuit Court.

HANNA, J.—*Wilson* and *Sanders* built a mill and dam, and afterwards proceeded, under the statute of 1843, to obtain a writ of *ad quod damnum.* The writ was issued,

and an inquest held by the sheriff, and a jury by him impanneled under it, and returned to the Circuit Court.

The jury found that the mill was of public utility; that no injury would result by its erection, except to *John Wood;* whose lands, by being overflowed, were injured 50 dollars.

*Wood* appeared in the Circuit Court, and filed nine pleas, which, so far as applicable to the points made herein, are, in substance, as follows:

5. That the damage to the lands of said *Wood*, &c., was much more than 50 dollars, to-wit, 500 dollars.

6. That he was the owner of a mill, &c., above that of *Wilson*, &c., which was greatly injured, &c., by the back water, &c.

7. That he was the owner of a certain spring, &c., which was greatly injured, &c.

8. That a mill privilege owned by *Wood*, on his land above said mill, was greatly injured over and above said assessment, to-wit, 500 dollars.

9. That a flume, bulkhead, and race, owned by *Wood*, above said mill, was rendered valueless, to his injury 50 dollars over the amount assessed, &c.

The said applicants took issue upon the said 6th, 7th, and 8th pleas; and as to the 9th plea, replied that the race, bulkhead, &c., of said *Wood*, were by him erected in bad faith, for the purpose of injuring and annoying, &c. To this, *Wood* filed a rejoinder, taking issue.

A trial by jury was thereupon had, but, in consequence of a failure to agree, no verdict was rendered.

Several terms afterwards, the parties appeared, and *Wood* "moved the Court to dismiss the proceedings in the case." The record then states, that the Court, after "hearing the proofs and allegations of said defendant in favor of said motion, and the proofs and allegations of said parties, both in support of and against said motion, issues and traverses made, joined, and tendered as aforesaid, except as to the amount of damage assessed by the jury of inquest, on which subject evidence was introduced by both parties, but was not considered by the Court in deciding said motion, the Court found for plaintiffs, and overruled said motion.'

The Court, without further trial, then confirmed the inquest, &c.

It is now objected that *Wood* had no notice of the time of the holding of said inquest; but as he appeared at the first term of the Court, after the return and filing thereof, and did not raise that objection in that Court, we think it is now too late to do so for the first time. The same may be said as to the objection now urged to the form of oath of the jury of inquest.

It is next objected that the confirmation of the inquest was erroneous. We are of opinion that this objection is well taken.

The statute (§ 110, R. S. 1843, p. 946), provides that, " Any person interested in or affected by any inquest provided for in this article, may appear and traverse any material fact therein stated, or he may plead or show any valid matter in bar of the right of the applicant to have the benefit of such writ; and issues of law and of fact may be made up and tried, and the Court may adjudge costs therein, as in actions at common law."

The next section gives the Court the power to award a new writ, or dismiss the proceedings, or confirm the inquest.

The record, in the case at bar, is not at all clear, that the issues made were submitted for trial, by the parties, to the Court. It appears that *Wood* made a motion to dismiss the proceedings, and, upon that motion, evidence was heard " both in support of and against said motion, issues, and traverses joined." Now, if we are to regard this as a submission of the issues, to the Court for trial, then the submission was not of any particular issue, but of all, and the finding of the Court should have been upon all. If it is not to be regarded as a submission of the issues of fact, to the Court for trial, then the finding of the Court upon some of those issues was without authority, and the issues would remain undetermined. In either event, the question arises, whether the Court should have made an order, ratifying and confirming the inquest, with a part or all of the issues of fact thus raised upon that inquest, remaining un-

May Term, 1859.

disposed of. We are of opinion the issues of fact, upon the question of damage, should have been disposed of before the Court should have made an order of confirmation. Perhaps their determination might be presumed, if there had been a general order of confirmation. But here the record shows affirmatively that evidence upon certain of the issues was not considered, and consequently those issues were not determined, although such evidence was given by each party. If no part of the inquest had been traversed, nor issues of law or fact made, in reference to the proceedings, the Court could then, the matter being properly presented by motion or otherwise, have either set aside the inquest and ordered a new writ, as in point of fact was once done in the case, or dismissed the proceedings, or ratified and confirmed the inquest. *Chapman* v. *Groves*, 8 Blackf. 308.—*Peck* v. *Van Rensselaer*, *id.* 312. But where issues of fact are made, they should be disposed of in some way.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman* for the appellant.

*J. B. Niles* and *A. L. Osborn*, for the appellees.

