Nov. Term,
1854.

McMahon
v.
The Cincin-
nati, &c.,
Railroad
Co.

---

McMahon *v.* The Cincinnati and Chicago Short-Line Railroad Company.

The part of the act entitled "An act to provide for the incorporation of railroad companies," approved *May* 11, 1852, and the part of the act approved *June* 18, 1852, (2 R. S. 1852, p. 193), which relate to the assessment of damages against railroad companies on taking land for the construction of their roads, are to be construed in *pari materia,* and treated as one enactment.

The assessment of damages against railroad companies for the appropriation of lands, may legally be made by arbitrators appointed by the Court, under the first act, or by jurors selected in the manner prescribed by the latter act; but no person owning land within one mile of the contemplated railroad is competent to act either as an arbitrator or juror.

Under those acts no deduction can be made, in the assessment of such damages, for any benefits which may be supposed to result to the owner of the land to be appropriated, by the construction of the road.

Exceptions may be taken to the award of the arbitrators for errors in matter of fact as well as of law.

An exception, among others, to the award of the arbitrators was, that they took into consideration the benefits which would result to the owner's land by the construction of the railroad. The answer filed contained no answer to this exception. A demurrer to the answer was overruled. *Held,* that it should have been sustained.

APPEAL from the *Wayne* Court of Common Pleas.

*Saturday,
December* 2.

Davison, J.—This was a proceeding by the appellees against *McMahon,* under section 15 of the act entitled "An act to provide for the incorporation of Railroad Companies," approved *May* 11, 1852. 1 R. S., p. 414.

The company having located their road, filed in the clerk's office of said Court, a notice directed to *McMahon,*

Nov. Term,
1854.

McMahon
v.
The Cincin-
nati, &c.,
Railroad
Co.

representing that a portion of his land necessary for the construction of the road through the same, had been appropriated for that use, and that they would, on the 28th of *May*, 1853, apply to the judge of the same Court to appoint arbitrators to assess the damage that might be sustained by such appropriation. Pursuant to this notice the Court, upon the company's application, appointed three arbitrators, who returned an award allowing *McMahon* 200 dollars damages.

To this award *McMahon* filed the following exceptions:

1. No instrument of appropriation was ever served on him.

2. That he received no notice of the assessment of damages.

3. The damages awarded are inadequate.

4. The arbitrators took into consideration the benefits arising to his land, and by deducting such benefits they mistook the law. And they also mistook the facts.

The company answered these exceptions. Their answer alleges that *McMahon* was present when the assessment was made, and raised no objection for want of notice; that he was notified, appeared before the arbitrators with his witnesses, and examined them; that on the same day the arbitrators were chosen, a copy of the notice of appropriation was served on him, and also notice of the time of meeting to assess damages.

Demurrer to the answer overruled. Thereupon *McMahon*, by leave, &c., filed three additional exceptions to the award, viz.: that the arbitrators lived within one mile of the road; that the cause ought to have been tried by six jurors; that such jury could not consider the benefits to the land.

The company demurred to these exceptions. The demurrer was sustained, and judgment given against the defendant below.

Section 15, upon which this proceeding is founded, provides, that such company may enter upon any land, and appropriate so much thereof as may be deemed necessary for its railroad, and shall forthwith deposit with the clerk of

Nov. Term,
1854.

McMahon
v.
The Cincin-
nati, &c.,
Railroad
Co.

the Circuit Court, or other Court of record of the county where the land lies, a description of the rights and interest intended to be appropriated, and shall deliver to the owner of such land a copy of such instrument of appropriation; and the same being delivered, such Court shall, upon the application of either party, appoint three disinterested freeholders of such county to appraise the damages which the owner of the land may sustain by such appropriation, who shall consider the injury which such owner may sustain by reason of such railroad, and forthwith return their assessment of damages to the clerk of such Court. The award of said arbitrators may be reviewed by the Court on written exceptions filed by either party, and the Court shall take such order therein as right and justice may require, by ordering a new appraisement on good cause shown, &c.

The appellant contends that this section, so far as it relates to the case under consideration, is not in force, because it conflicts with certain provisions of an act approved *June* 18th, 1852.

The last act provides, that when any company design to construct a railroad, being authorized by law to take real property therefor, such company may have a writ of assessment of damages, and may file an application for such writ in the Circuit Court or Court of Common Pleas, setting forth the precise description of the real estate desired to be taken, and the name of the person interested, making him a defendant. Thereupon the clerk shall issue such writ to the sheriff directing him to assess the damages by jury. And the Court, upon the application, shall determine the number of jurors, at not less than six, nor more than twelve, who shall be disinterested freeholders, not owning land within one mile of any part of the public way. In estimating such damages, no deduction shall be made for any benefit that may be supposed to result to the owner from the contemplated work. 2 R. S., p. 193.

These enactments were passed at the same session, relate to the same subject, and, in our opinion, are not directly repugnant to each other. They may, therefore, be taken in *pari materia*, and considered as one enactment.

Nov. Term,
1854.

McMahon
v.
The Cincin-
nati, &c.,
Railroad
Co.

This being done, their construction is not difficult. Nor is the intention of the legislature left in doubt. The assessment of damages may be legally made by arbitrators appointed by the Court under the first approved act, or by jurors selected in the mode prescribed by the latter statute; but no person owning land within one mile of the contemplated railroad is competent to act in either capacity, nor can a deduction be made for any benefits that may be supposed to result to the owner of the land from the construction of the road.

It is said in argument that exceptions can only be taken for matters apparent on the face of the award or written proceedings. We think differently. " The award may be reviewed on exceptions filed, and the Court shall take such order therein as right and justice may require." The term review, in its legal signification, usually means an examination into written proceedings; but here it will not bear that construction. In effect, it must be deemed an appeal from a decision. If the review contemplated lead to an examination of the case on error merely, then the parties would be left without protection against any fraud or mistake that might occur before the arbitrators. This was not the intention of the statute. Errors in matters of fact, as well as law, may be properly set up in the exceptions to the award.

In one exception it is alleged that the arbitrators in making up their decision, allowed a deduction for benefits supposed to result to the owner of the land from the contemplated road. This allegation was material, and if it was true, then the award is illegal, and a new appraisement should have been ordered. The exception just stated was not answered by the company. In that respect their answer was defective, and, therefore, the judgment must be reversed.

We think the answer was sufficient, as to all the exceptions that preceded it, save the one above noticed; and to those last filed the demurrer was well taken.

*Per Curiam.*—The judgment is reversed with costs.

*J. Perry,* for the appellant.

*O. P. Morton,* for the appellees.