*Margin note:* Nov. Term, 1854. THE NEW-CASTLE AND RICHMOND RAILROAD COMPANY v. BRUMBACK.

---

THE NEWCASTLE AND RICHMOND RAILROAD COMPANY *v.* BRUMBACK.

In a proceeding, under the R. S. 1852, for the assessment of damages for lands appropriated by the construction of a railroad, the jury can not consider the benefit which the road may be to the land-owner.

Nov. Term,
1854.

The New-
castle and
Richmond
Railroad
Company
v.
Brumback.

Tuesday,
December 12.

In a suit against a railroad company by their corporate name, a stockholder, as such, is not, within the meaning of s. 238, p. 80, 2 R. S. 1852, a party to the action.

In a suit against a railroad company, a stockholder is a competent witness for the company.

APPEAL from the *Wayne* Circuit Court.

Stuart, J.—This was a proceeding by *Brumback* against the company, for damages occasioned by the construction of the road. Several errors are assigned, only two of which it is deemed of any importance to notice—the evidence not being in the record.

The Court instructed the jury that in inquiring of the damages to which *Brumback* was entitled, they should take into consideration the advantages as well as the injuries resulting from the proposed improvement. This was erroneous. *McMahon* v. *The Cincinnati, &c., Railroad Company, ante*, p. 413.

The company introduced *A.*, *B.* and *C.* as witnesses in their defence. But *Brumback* objected, because they were stockholders in the company, and thus interested in the result. The fact of interest was admitted. The Court thereupon excluded the witnesses as incompetent by reason of interest, and because "they were virtually parties to the suit." This was also erroneous. Their interest went only to their credibility. 2 R. S. 80, sec. 238. And the artificial person known as the *Newcastle, &c., Railroad Company* was the only party to the record. 2 R. S., *supra*. The party for whose use the suit is brought means the usee of record, under the old practice. That the fact of his being usee might not be shown in some other way, we do not decide. We only say that not being the usees of record, and no attempt being made to show that they were usees in fact, they were competent witnesses. Their interest as stockholders did not go to their competency.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Grose* and *J. Perry*, for the appellants.

*J.* and *H. C. Rariden*, for the appellee.