May Term,
1857.

MARION AND MISSISSINEWA VALLEY RAILROAD COMPANY *v.*
WARD and Another.

MARION, &c.,
RAILROAD
COMPANY
*v.*
WARD.

A proceeding against a railroad company to assess damages, under the statute, for land to be taken by the company, is authorized by art. 41, 2 R. S. p. 193, ss. 706 to 710.

The proceedings subsequent to the return of the writ, in such cases, are prescribed by section 697, 2 R. S. p. 191.

In this case, the company filed a pleading, assigning as a reason why the assessment should be set aside, "that the writ of assessment does not contain a sufficient description of the real estate to be taken." *Held*, that this, though deficient in form, was a demurrer to the writ.

*Semble*, that the statute requires the pleadings to be addressed to the inquest of damages returned.

But, perhaps, the inquest may be taken to include all the previous proceedings.

The description alleged to be insufficient, sets out, in substance, the application, the congressional subdivisions of the land owned by the applicants, and proceeds thus—"commencing at a stake in the west line of said tract of land, 9 chains and 21 links from the north-west corner of said lot." The land on which the road was located is then described by courses and distances, making a parallelogram 80 feet wide, extending across the 80 acres. *Held*, sufficient on demurrer.

No averment that the land had been taken by the company was necessary: the company could not take it till they had tendered compensation to the owners; and the right of the owners to take these proceedings was perfected by the location of the road, without any other act of appropriation on the part of the company.

Either party may institute proceedings to assess damages; and it is immaterial which takes the initiative.

If the company intended to abandon the location, they should not have demurred,—they should have answered stating that fact; or if they had not made any such location, they should have traversed the statement to that effect, made in the application for the writ.

It cannot be objected that there was no complaint filed: the inquest, taken in connection with the application and writ, were sufficient to advise the company what was to be answered.

There having been no issue of fact, no evidence could be introduced.

APPEAL from the *Grant* Circuit Court.                Thursday, May 28.

STUART, J.—This proceeding was instituted by *Ward* and *Cottrell* against the company. The object was to have damages assessed under the statute, for land to be taken by the railroad. On their application, the assessment was made and returned into Court. The company appeared

May Term,
1857.

MARION, &c.,
RAILROAD
COMPANY
v.
WARD.

and moved to set aside the inquest of the jury for several causes. Motion overruled, and judgment for the damages assessed. The company excepted, and appeal.

The proceeding seems to be authorized by art. 41, 2 R. S. p. 193, ss. 706 to 710. Among other things, it is required that the application for a writ to assess the damages shall set forth a precise description of the land to be taken. It is further required that the writ shall recite therein the material part of the application. After the return of the writ, no particular form of procedure is prescribed. But as the provisions for taking out the writ are under the head of *ad quod damnum*, it is presumed the proceedings subsequent to the return of the writ are to be conformed to the practice in such cases.

That practice is to be found in a previous section, thus: "Any defendant may appear and traverse any material fact stated in the inquest; or he may plead or show any valid matter in bar of the right of the plaintiff to have the benefit of such writ; and issues of law and fact may be made up and tried, &c., as in other actions." S. 697, 2 R. S. p. 191.

The company filed a pleading assigning several causes why the assessment should be set aside. The first is in these words: "That the writ of assessment does not contain a sufficient description of the real estate to be taken." This, though deficient in form, must be accepted as a demurrer to the writ. As contemplated in the section quoted, it tenders an issue of law on the sufficiency of that writ.

Before passing on the demurrer itself, a doubt may be suggested whether section 697 does not require the pleadings to be addressed to the inquest of damages returned. It is the material facts of the inquest that the defendant may plead to. Section 697, *supra*. But perhaps the inquest may be taken to include the application and writ—indeed, all the previous proceedings.

Is the description of the land to be taken, sufficient on demurrer? We think it is. It is as precise as it could well be made. It sets out the substance of the application; the description of the land owned by the applicants

by congressional subdivisions; and proceeds thus: "com-
mencing at a stake in the west line of said tract of land,
9 chains and 21 links from the north-west corner of said
lot." The land on which the road was located by the com-
pany is then described by courses and distances, making a
parallelogram 80 feet wide, extending across the 80 acres.
This seems to be a precise description of the land to be
taken, within the meaning of the act.

Other causes of demurrer are addressed to the complaint;
and the objection is that it does not aver that the land had
been taken by the company. That averment was not ne-
cessary. The company could not take the land until they
had tendered compensation to the owners. 1 R. S. p. 44,
s. 21. In *The New Albany and Salem Railroad Co.* v.
*Connelly,* it is said that the proprietor of the land had all
the time between the location of the road and the com-
mencement of the work, to file his claim for damages.
Had he done so, and the company refused to pay, then the
Courts, under the constitution requiring prepayment, would
have restrained and enjoined the company from proceeding
further till such payment was made. 7 Ind. R. 35.

If this doctrine is to be followed, the right of the owners
of the land to proceed as they have done was perfected by
the survey and location. It was alleged that the road was
located on the land described in the application. That was
sufficient. It was not necessary that any other act of ap-
propriation should be done by the company. The location
of the road sufficiently indicated the company's intention
to take the land. The statute provides that either the com-
pany or the owner might institute proceedings to condemn
it and assess the damages. Ss. 706 and 710, *supra.* It
was immaterial which took the initiative.

If the company intended to abandon the location—either
by locating elsewhere, or giving up the project altogether—
they should not have demurred, but filed their answer stat-
ing that fact. Or if they had not made any such location,
they should have traversed the statement to that effect
made in the application for the writ. By their demurrer,
they admitted that their road was there located; and thus

fixed their liability to have the damages assessed against them. 7 Ind. R. *supra.*

It is further objected that there was no complaint filed. That is not required. Perhaps the inquest itself is, under section 697, *supra*, sufficient; and taken in connection with the application and writ, there was certainly sufficient to advise the company what was to be answered.

It is yet further objected that the judgment was rendered on the assessment without hearing evidence. There was no issue of fact tendered or made up. Of course there could be no evidence introduced.

Regarding the pleading of the company as so many specifications under the fifth statutory cause of demurrer, they were correctly overruled.

Judgment was properly rendered against the company as upon a default. 2 R. S. p. 123.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*I. Van Devanter* and *J. F. McDowell*, for the appellants.
*A. Steele* and *H. D. Thompson*, for the appellees.