The Cincinnati and Chicago R. R. Co. v. McFarland.

THE CINCINNATI AND CHICAGO R. R. Co. v. MCFARLAND.    | 22    459|
                                                       |166    524|

STATUTES CONSTRUED—RAILROADS—ASSESSMENTS.—Section 697, 2
    G. & H. 314, makes the complaint and return, as to the defendant,
    in an application for the assessment of damages against a railroad
    company, a cause of action, and authorizes him to raise issues of
    law upon them by the ordinary modes used in Courts of this State,
    which, being disposed of, may be followed by issues of fact, to be
    formed and tried according to the usual practice in civil cases.
PRACTICE.—It is not error to refuse a motion, or prayer of a party,
    to have a part of the issues in a cause tried at one time, by a jury,
    and the others, at another time, by the Court.
PRACTICE.—Where there is a difference between the journal entry of
    the clerk, and the recitals in the bill of exceptions, the latter must
    control.

APPEAL from the *Cass* Common Pleas.

PERKINS, J.—Complaint by *McFarland* against the *Cincin-
nati and Chicago Railroad Company*, for an assessment of
damages. A jury was empanneled by the sheriff, and an
assessment of damages was made and returned to the proper
Court. Upon such return, the code provides, 2 G. & H. p.
314, sec. 697, that, "Any defendant may appear and traverse
any material fact therein stated in the inquest, or he may
plead or show any valid matter in bar of the right of the
plaintiff to have the benefit of such writ, and issues of law and
of fact may be made up and tried, and the Court may ad-
judge costs therein, and proceedings had as in other actions."

This section, it seems to us, practically makes the complaint
and return, as to the defendant, a cause of action, and author-
izes him to raise issues of law upon them, by the ordinary
modes of motion, demurrer, &c., which, being disposed of,
may be followed by issues of fact, to be formed and tried
according to the usual practice in civil cases.

As to the plaintiff, where the return was against him, he
might, of course, rest on his complaint.

The Cincinnati and Chicago R. R. Co. v. McFarland.

If, then, issues of fact are formed, in this class of cases, regularly, they would all be tried at the same time, and by the same person or persons. The Court might, at the request, or with the assent of parties, vary from this, but it would not be bound to. It would not be error in the Court to refuse a motion, or prayer of a party, to have a part of the issues in a cause tried at one time by a jury, and the others, at another time, by the Court.

In the case at bar, there were issues upon the complaint and return, and the record states in the journal entry of the clerk, that the cause was submitted, &c., the issues upon the complaint found for the plaintiff, and that the defendant then demanded a jury trial, upon the exceptions to the return, &c.

The bill of exceptions states the fact a little differently, and must control the clerk's entry, where the two conflict. It states that the defendant, on the call of the cause for trial, demanded "a jury trial upon his exceptions to the inquest," &c., which was refused, and the whole cause was tried by the Court on the voluntary submission by the parties of a part of the cause, &c.

Now, the only exception taken was to the refusal of the Court to allow a part of the cause to be given to a jury. But the Court had a right to refuse the motion to send a part of the cause to a jury. The Court rightly overruled that motion. What course the defendant should have taken, on the overruling of that motion, or what the Court should have done, we need not inquire. If the subsequent action of the Court was objectionable, it should have been excepted to.

The evidence is not in the record.

The judgment must be affirmed, with costs.

*Per Curiam.*—The judgment is affirmed, accordingly.

*E. Walker, J. E. McDonald,* and *A. L. Roache,* for the appellant.