The Louisville, New Albany, and St. Louis Air Line R. W. Co. *v.* Dryden.

---

THE LOUISVILLE, NEW ALBANY, AND ST. LOUIS AIR LINE R. W. CO. *v.* DRYDEN.

RAILROAD.—*Appropriation of Real Estate.*—*Appraisers.*—*Qualification of Jurors.*—The first appraisers appointed under section 15 of the railroad act (1 G. & H. 509, 510) must be freeholders; and if the court, upon exceptions, order a new appraisement, the appraisers must possess the same qualification; but if either of the parties excepting to the first appraisement insists upon a jury trial, the jurors need only be reputable householders. It is otherwise, if the proceedings are under the act relating to the writ for the assessment of damages.

The Louisville, New Albany, and St. Louis Air Line R. W. Co. *v.* Dryden.

PRACTICE.—*Number of Witnesses.*—*Taxation of Costs.*—On an appeal to the Supreme Court, it will not examine the general bill of exceptions and compare the statements of the witnesses, to determine whether more than three witnesses testified to the same fact, in order to decide a question of the taxation of costs.

SAME.—*Summons for Witnesses.*—*Costs.*—On a motion to tax costs, it cannot be held that more than one summons cannot be issued, for witnesses of the same party, to the same county, at the same term of the court.

APPEAL from the Floyd Circuit Court.

DOWNEY, J.—This was a proceeding for the appropriation of certain real estate of the appellee by the appellant for its railroad track, under section 15, p. 509, 1 G. & H. Upon the filing and presentation of the proper instrument of appropriation, the judge of the circuit court appointed appraisers, who assessed the damages and made their report to the clerk of the court. Within ten days, the appellee filed exceptions to the award of the appraisers; all of which exceptions were stricken out except the fourth, which is :

" Because the damages awarded by the said appraisers, for the property attempted to be appropriated by said railway company, are inadequate, and not commensurate with the damages which will be sustained by defendant by the appropriation."

Upon this exception there was a trial by jury, and a verdict for the appellee for an increased amount.

The plaintiff moved the court for a new trial, which was overruled, and exception taken. The court then rendered judgment for the appellee for the amount of the verdict.

The assignment of errors calls in question the correctness of the ruling of the court in refusing to grant a new trial, and in overruling, in part, a motion made by the plaintiff with reference to the taxation of the fees in the case of certain witnesses, and the expense of summoning them, and also the costs of issuing certain supernumerary writs of summons for witnesses, when the names of all the witnesses should, as alleged, have been included in one writ.

The reasons for a new trial are, first, excessive damages ;

second, that the verdict is not sustained by sufficient evidence; third, is contrary to law; fourth, because the court refused to allow it to be shown by the plaintiff, in impanelling the jury, that some of them were not freeholders, with a view of challenging them for that cause.

The first, second, and third reasons for a new trial are not insisted upon in the brief of counsel for appellant, and we think there is no reason for disturbing the judgment of the court on these grounds.

This court has decided, that in cases of this kind either party may demand and have a trial by jury, as a constitutional right. *The Lake Erie, Wabash, and St. Louis Railroad Co.* v. *Heath,* 9 Ind. 558. Must the jurors in such a case be freeholders? The appraisers, under section 15 of the act in regard to railroad companies, must be "disinterested freeholders of such county." The 708th section of the code of civil practice, relating to the proceeding formerly known as *ad quod damnum,* but by the code called the writ of assessment of damages, provides that the court, upon application, or the clerk in vacation, shall determine the number of jurors at not less than six nor more than twelve, who shall be disinterested freeholders, not owning land within one mile of any part of the public way for which the land is taken. Proceedings under this writ are expressly authorized in cases where any person, corporation, or company designs to construct a canal, or railroad, or turnpike, graded, macadamized, or plank road, or bridge, or establish a ferry, as a work of public utility, although for private profit, being authorized by law to take real property therefor. Sec. 706, p. 315, 2 G. & H.

It is contended by counsel for the appellant, that, under these provisions, juries in cases of this kind are required to be freeholders. We are referred to the case of *McMahon* v. *The Cincinnati and St. Louis Short-Line R. R. Co.,* 5 Ind. 413, which was a case where the damages had been assessed by appraisers under section fifteen, *supra,* and exceptions had been taken to the amount, as in this case, and the court, in speak-

ing of the enactments in question, said, "These enactments were passed at the same session, relate to the same subject, and, in our opinion, are not directly repugnant to each other. They may, therefore, be taken in *pari materia*, and considered as one enactment. This being done, their construction is not difficult. Nor is the intention of the legislature left in doubt. The assessment of damages may be legally made by arbitrators appointed by the court under the first approved act, or by jurors selected in the mode prescribed by the latter statute; but no person owning land within one mile of the contemplated railroad is competent to act in either capacity, nor can a deduction be made for any benefits that may be supposed to result to the owner of land from the construction of the road."

We do not regard this decision as decisive of the question. It seems to proceed upon the supposition that when the proceeding is under section fifteen of the railroad act, and exceptions are taken to the report of the appraisers, the court must appoint other appraisers; and that as the first appraisers must be freeholders, etc., so must those appointed by the court upon exceptions taken. But, as we have seen, this court subsequently decided that the parties, or any one of them, might claim and have a trial by jury upon such exceptions, as a constitutional right.

The law now in force relating to the qualifications of jurors in the circuit court is found in 2 G. & H. 30. It requires only that the jurors shall be "reputable male householders." This act must govern, unless there is some law making the case under consideration an exception to the general rule which it creates. We are of the opinion that there is no such statute relating to this case. The first appraisers appointed under the fifteenth section of the railroad act must be freeholders; and so if the court, on exceptions taken to their report, shall order a new appraisement, it must be made by appraisers possessing the same qualifications. But if, instead of allowing such new appraisers to be appointed, the parties, or one of them, insist upon a trial by jury, we think

the jurors need only possess the qualifications of jurors in ordinary cases, that is, be reputable householders.

If the proceeding to assess the damages be commenced under the act relating to the writ of assessment of damages, where the sheriff holds the inquisition, then the jurors must, by the express requirements of the statute, be freeholders, etc. We conclude that the court committed no error in its ruling upon this point.

The next question relates to the fees and the expenses of summoning certain witnesses. The plaintiff moved the court to tax such fees and expenses of all witnesses more than three summoned and examined by the defendant, the appellee, to him, on the ground that the fees, etc., of but three of the witnesses testifying to the same facts can be taxed against the plaintiff. The statute provides, that "if any party summon more than three witnesses to prove the same fact, he shall pay the costs occasioned by the additional number of witnesses." 2 G. & H. 167, sec. 231. We are asked to examine the testimony given by the witnesses as set out in the general bill of exceptions, to determine whether or not the witnesses testified to the same fact. The bill of exceptions presenting the point now under consideration does not show that the witnesses testified to the same fact. To present a point by exception, "the objection must be stated with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible." 2 G. & H. 209, sec. 344. We cannot examine the general bill of exceptions and compare the statements of the witnesses for this purpose.

The last question presented is that relating to the costs of issuing an unnecessary number of writs of summons for the witnesses of the appellee. The statute on this subject provides, that "one summons shall include all the witnesses required at the same time, residing in the same county." 2 G. & H. 167, sec. 230. There is no evidence that any summons did not contain all the witnesses required at the same

time. Without such evidence the action of the court must be held to be correct.

It is frequently the case that a party, after he has ordered a summons for all the witnesses whom he supposes it will be necessary for him to examine, discovers that there are others who can testify in his favor, or his adversary may have summoned witnesses whom he may want to impeach, or whose testimony he may find it necessary to meet and overcome. In such cases he must be allowed to order an additional summons for these witnesses. We think it cannot be held that one summons only can be issued for the witnesses of the same party, to the same county, at any term of the court.

The judgment is affirmed, with costs.

*G. V. Howk* and *W. W. Tuley*, for appellant.

*D. C. Anthony*, for appellee.