## WABASH RAILROAD COMPANY *v.* CINCINNATI, RICHMOND AND MUNCIE RAILROAD.

[No. 4,293. Filed March 13, 1902. Transfer denied October 8, 1902. ]

RAILROADS.—*Crossings.*—*Eminent Domain.*—*Appeal.*—Proceedings by a railroad company to appropriate a right of way across the tracks of another railroad company, under §5153 Burns 1901, leading up to and including the award, are not final, in the sense that such proceedings may be reviewed in an appellate tribunal while the award is still pending in the circuit court upon exceptions filed thereto.

From Miami Circuit Court; *J. T. Cox,* Judge.

Proceeding by the Cincinnati, Richmond and Muncie Railroad against the Wabash Railroad Company to appropriate a right of way across the tracks of defendant. From a decree approving the award, and pending exceptions thereto, defendant appeals. *Appeal dismissed.*

*W. V. Stuart, E. P. Hammond, D. W. Simms, W. C. Bailey* and *C. A. Cole,* for appellant.

*R. J. Loveland, P. H. Loveland, R. A. Jackson* and *H. C. Starr,* for appellee.

ROBINSON, P. J.—On motion to dismiss appeal.

October 29, 1901, appellee filed in the office of the clerk of the Miami Circuit Court, in vacation, its written instrument of appropriation, asking, under the statute, to appropriate a right to cross the right of way and track of appellant. At the November term of the Miami Circuit Court appellant demurred to the instrument of appropriation on the ground of insufficient facts, which demurrer was overruled and exception reserved. Appellant's motion, with affidavit for change of venue from the county, was overruled, and a bill of exceptions duly filed. Appellant filed an answer in three paragraphs, and a cross-complaint in two paragraphs, which were struck out on appellee's motion, and a bill of exceptions afterwards duly

filed. The cause was submitted to the court for hearing on the instrument of appropriation, and evidence heard. At the hearing it was contended by appellant, and agreed to by appellee, that the judge should ascertain and define by decree both the point at which the crossing should be made and the manner of the crossing, and should then appoint commissioners to determine the amount of compensation to be paid by appellee for the crossing at the point and in the manner fixed by the judge. The court decreed the point of crossing, and that it should be a grade crossing, and appointed three commissioners to determine the compensation for the crossing at that point and at grade. Appellant's motion to modify the findings, order, and decree, and also its motion for a new trial, were overruled, and time given to file bills of exceptions, and an appeal prayed to the Appellate Court. Afterwards, at the same term of court, on December 5, 1901, the commissioners filed their award of damages for the crossing at the point and in the manner decreed by the court. Appellant then filed exceptions to the orders and decrees of the court establishing a grade crossing, which were overruled and exceptions reserved. On the same day the court,—appellee having on the previous day paid the amount of the award to the clerk of the court, —approved the award, and by decree vested in appellee the right to use the particular strip of real estate for the purposes of a crossing, to which exceptions were reserved. Appellant's motion to modify this decree was overruled, to which appellant excepted, and filed its bill of exceptions. On the same day, as appears by the return to the writ of *certiorari,* appellee filed its written exceptions to the award, to which appellant, on the 9th day of December, demurred. Appellant also filed its written exceptions to proceedings and award of commissioners. On the same day appellant filed its motion and affidavit for a change of venue from the county, and on the following day the venue was changed to Fulton county and ten days' time given to perfect the

change. On December 9th appellant gave appellee notice of appeal, and filed in the clerk's office its notice of appeal, and also its precipe for a transcript.

The appeal was filed in this court December 26, 1901, and submitted January 25, 1902. The errors assigned question the ruling upon the demurrer to the instrument of appropriation; the refusal to change the venue; striking out the answers and cross-complaint; overruling appellant's motion to modify and amend the findings, orders, and decree establishing and relating to a grade crossing; overruling appellant's exceptions to the findings, orders, and decrees establishing a grade crossing; overruling the motion for a new trial; and overruling appellant's motion to modify the decree approving the award of the commissioners.

By §5153 Burns 1901, a railroad corporation is given the general powers and is subject to the liabilities and restrictions expressed in the special powers following: "Fifth. To construct its road upon or across any * * * railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the * * * road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises. Sixth. To cross, intersect, join, and unite its railroad with any other railroad before constructed, at any point on its route and upon the grounds of such other railroad company, with the necessary turn-outs, sidings, switches, and other conveniences, in furtherance of the objects of its connections; and every company whose railroad is or shall be hereafter intersected by any new railroad shall unite with the owners of such new railroad in forming such intersections and connections, and grant the facilities aforesaid; and if the two corporations can not agree upon the amount of compensation to be made there-

for, or the points or manner of such crossings and connections, the same shall be ascertained and determined by commissioners, to be appointed as is provided hereinafter in respect to the taking of lands."

By the act of March 8, 1897, §5158a Burns 1901, it is provided: "That where it becomes necessary for the track of one railroad company to cross the track of another railroad company, unless the manner of making such crossings shall be agreed to between such companies, it shall be the duty of the circuit court of the county wherein such crossing is located, or the judge thereof in vacation, to ascertain and define by its decree the mode of such crossing which will inflict the least practicable injury upon the rights of the company owning the road which is intended to be crossed; and if in the judgment of such court it is reasonable and practicable to avoid a grade crossing, it shall by its process prevent a crossing at grade."

Section 5159 Burns 1901 provides that in case the company is unable to agree for the purchase of real estate required in the construction of track, etc., it has the right to acquire title by special proceedings, which are provided in §5160 Burns 1901. This section, 5160, details these special proceedings, providing, among other things, for the appointment of three appraisers to appraise the damage, which appraisement shall be forthwith returned to the clerk of such court; that upon payment or tender by the company of the amount it may hold the interests in the land "for the uses aforesaid;" that the award may be reviewed by the court on written exceptions filed by either party in the clerk's office within ten days after the filing of such award, "and the court shall take such order therein as right and justice may require, by ordering a new appraisement, on good cause shown: Provided, that notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent pro-

ceedings on the appeal shall only affect the amount of compensation to be allowed.".

Section 5164 Burns 1901, after providing for the appointment of an attorney in such cases, provides: "The court shall also have power, at any time, to amend any defect or informality in any of the special proceedings authorized by this act as may be necessary, or to cause new parties to be added, and to direct such further notice to be given to any party in interest, as it deems proper."

It has been held that §§5159, 5160, 5164, *supra,* the same being §§14, 15, and 17 of an act approved May 11, 1852; and §399 of the code (Burns 1901), the same being §99 of an act approved June 18, 1852; and §908 of the code of procedure touching the writ of assessment of damages (Burns 1901), the same being §697 of the act approved June 18, 1852, are to be construed *in pari materia.* *Swinney* v. *Fort Wayne, etc., R. Co.,* 59 Ind. 205; *McMahon* v. *Cincinnati, etc., R. Co.,* 5 Ind. 413.

Under the sixth subdivision of §5153 Burns 1901, the commissioners, in case the two corporations could not agree, were to determine the point of crossing, the manner of the crossing, and compensation. The act of 1897, §5158a Burns 1901, changes the above by making it the duty of the court, or the judge thereof in vacation, to define by its decree the manner of crossing, and, if reasonable and practicable, prevent a crossing at grade. The power to fix the point of crossing, and the compensation, seems to remain where the old statute placed it. In this case the court, by agreement, fixed both the point and the manner of crossing. The statute is silent as to any action by the court or judge upon the award by the commissioners in the event no exceptions to the award are filed, but does provide that upon exceptions filed the court may review the award and take such order therein as right and justice may require. Whether or not the award, to become effective, requires the approval of the court or judge, where no exceptions are filed, it is

clear that when exceptions are filed it requires some action of the court before the award is effective; because the filing of exceptions is an appeal to the court for review. The question at once suggests itself, what may be reviewed? The proceedings up to the appeal may be had before the court, or before the judge in vacation. The proceedings are to be begun in the county where the land lies; the court of record in the county where the land lies, or the judge thereof in vacation, appoints the appraisers, who are required to file their award with the clerk of such court. The statute says the *award* may be *reviewed* upon written exceptions filed by either of the parties. The award, under the old statute, was the action of the commissioners in fixing, not simply the compensation, but also the point of crossing and the manner of crossing. *Lake Shore, etc., R. Co. v. Cincinnati, etc., R. Co.,* 116 Ind. 578. And conceding, as argued, without deciding, that under the act of 1897 it is the duty of the court or judge to fix both the point and manner of crossing before appointing the commissioners, who are to fix only the compensation, still, the commissioners, in fixing the compensation, would necessarily adopt the point and manner of crossing as fixed by the court or judge instead of determining those matters for themselves, because it takes all of these three elements to constitute the completed award. It is this award that may be reviewed.

A review of the award is, in effect, an appeal from a decision. And, to review this decision properly, matters of law as well as of fact may be set up in the exceptions. *McMahon* v. *Cincinnati, etc., R. Co.,* 5 Ind. 413. It is true the proceedings are special, and up to the appeal they are summary, but when one of the parties files exceptions to the award, and has thus effected his appeal from the award, the case is then tried by the procedure provided by the general code. The case stands "for amendments to the exceptions, or filing additional exceptions by leave of the court, and for further proceedings as in civil actions." *Swinney*

v. *Fort Wayne, etc., R. Co.,* 59 Ind. 205; *Midland R. Co.*
v. *Smith,* 125 Ind. 509. And when tried, and an appeal
taken to the appellate tribunal, the cause will be remanded
if it is made to appear that the instrument of appropria-
tion fails to state such facts as are necessary to give juris-
diction to act in the first instance. *Lake Shore, etc., R. Co.*
v. *Cincinnati, etc., R. Co.,* 116 Ind. 578.

It must be admitted that when the case is brought into
the circuit court for review upon exceptions that court
has power, upon objection appropriately and seasonably
made, to inquire into the sufficiency of the instrument of
appropriation and the successive steps taken thereunder.
It would certainly be an anomalous holding to say that the
trial court, upon exceptions duly made, has no authority
to determine the insufficiency of the instrument of appro-
priation or the regularity of the subsequent proceedings,
and then to say that the final action of the court upon the
exceptions shall be reversed because the instrument of ap-
propriation was insufficient or the proceedings thereunder
irregular. It has accordingly been held that that clause of
the proviso to §5160 Burns 1901, providing that the subse-
quent proceedings on the appeal shall only affect the
amount of compensation to be allowed, "must be construed
to mean the proceedings subsequent to the establishment
of the regularity of the appropriation." *Swinney* v. *Fort
Wayne, etc., R. Co.,* 59 Ind. 205; *Lake Shore, etc., R. Co.*
v. *Cincinnati, etc., R. Co., supra.* See *Hunt* v. *New York,
etc., R. Co.,* 99 Ind. 593.

If we are right in concluding that the circuit court may,
upon appeal, review the proceedings resulting in the award,
and we so understand the above cases, it can not be said that
any action or order leading up to and including the award,
by whomsoever made, was final, in the sense that such ac-
tion or order might be reviewed in an appellate tribunal
while the award is still pending in the circuit court upon
exceptions filed thereto. The statute does say that the

court shall define by its decree the mode of such crossing, but as a decree may be either final or interlocutory, there is no authority for saying the legislature intended the decree should be final. It is true the court made a decree approving the award, but this was made before the expiration of the time for filing exceptions. This could not cut off the right to file exceptions, nor could it be such a decree as finally vested in appellee the right to appropriate the crossing. If exceptions were duly filed the award was under review upon those exceptions, and there could be no final adjudication of appellee's right to appropriate appellant's property for a crossing until the court's final action upon the award. See *Lake Erie, etc., R. Co.* v. *Kinsey,* 87 Ind. 514; *Terre Haute, etc., R. Co.* v. *Crawford,* 100 Ind. 550; *Pittsburgh, etc., R. Co.* v. *Swinney,* 97 Ind. 586.

The record shows that when this appeal was taken, exceptions to the award had been filed bringing the case into the Miami Circuit Court for review, and that while pending a change of venue was granted to Fulton county, and ten days' time given to perfect the change. Whether the change of venue was perfected or not, the record does show that the case has not been finally determined by the circuit court from which this appeal is taken. If the change of venue was perfected, and the case is now pending in the Fulton Circuit Court, the complications which might arise from entertaining this appeal at this time at once suggest themselves. The exceptions constitute an appeal to the circuit court, and, until that court has reviewed the award and finally disposed of it, no appeal will lie to this court.

The appeal is dismissed.