# CINCINNATI, RICHMOND & MUNCIE RAILROAD v. WABASH RAILROAD COMPANY.

[No. 20,144. Filed March 10, 1904.]

INJUNCTION.—*Collateral Attack.* — *Railroad Crossings.* —Where proceeding were had for a railroad crossing, an appeal taken, and the case remanded to the trial court, no questions presented and decided on appeal, or pending in the trial court, can be raised in an injunction proceeding instituted by the defendant while the case is pending in the trial court.  *pp. 305, 306.*

RAILROADS.—*Crossings of other Railroads.*— *Condemnation.—Appeal.*—Where a proceeding is prosecuted under §5160 Burns 1901 by a railroad company to obtain a crossing over another railroad all the right or power of the owner is to see that the proceeding is regular and that the compensation awarded him is paid, and if he is aggrieved, either by the irregularity of the proceeding or by the inadequacy of the compensation allowed, he may file exceptions to the award and appeal the case to the circuit court; but such appeal will not prevent the railroad company from taking possession, and the proceedings on appeal affect only the amount of compensation.  *pp. 306, 307.*

SAME. —*Crossing of other Railroads.—Order to Straighten Track Crossed.—Injunction.*—An instrument of appropriation claimed and demanded only the right to intersect and cross defendant's railroad at grade, and the court in determining the mode of crossing, prior to the assessment of damages, among other things, ordered that defendant's road be made straight for a distance of 100 feet on each side of the center line of the crossing.  *Held,* that the decree was not void, and could be attacked in no other way than by appeal.  *pp. 307-310.*

From Fulton Circuit Court; *A. C. Capron*, Judge.

Suit by the Wabash Railroad Company against the Cincinnati, Richmond & Muncie Railroad to enjoin defendant from constructing a crossing over plaintiff's road. From the action of the court in granting a temporary restraining order, defendant appeals.  *Reversed.*

*R. A. Jackson, H. C. Starr, Harry Bernetha, H. P. Loveland* and *R. J. Loveland,* for appellant.

*E. P. Hammond, W. V. Stuart, D. W. Simms, G. W. Holman* and *R. C. Stephenson,* for appellee.

HADLEY, J.—Appellant, engaged in the construction of a railroad from Cincinnati to Chicago, the line of which intersects appellee's railroad at a point two miles west of Peru, Indiana, having failed to agree with appellee with respect to said crossing, on October 29, 1901, filed in the office of the clerk of the Miami Circuit Court an instrument of appropriation of so much of appellee's railroad as would enable appellant to construct its railroad thereover. Proceedings were thereafter had under the statute, whereby, on November 28, 1901, an award was made fixing the point and manner of crossing, and the amount of the consideration to be paid by appellant at $4,000. The amount awarded was paid by appellant to the clerk of the Miami Circuit Court, for the use of appellee, on December 4, 1901, pursuant to the award. Exceptions to the award were timely filed by appellee, and afterwards, and while its exceptions remained undisposed of, appellee appealed the cause to the Appellate Court, which appeal was dismissed on the ground that the same was prematurely taken. *Wabash R. Co. v. Cincinnati, etc., Railroad,* 29 Ind. App. 546. Before the appeal, the venue of the cause was changed from the Miami to the Fulton Circuit Court, and was pending in the latter court when the appeal to the Appellate Court was dismissed. Said appeal was dismissed March 13, 1902, and on March 21, 1902, appellee filed in said cause its cross-complaint to enjoin appellant from taking possession of the condemned premises,' and from constructing thereon a crossing, interlocking tower, etc., until the appropriation proceeding should be fully heard and determined by the Fulton Circuit Court; and on the following day, and without notice, and on said cross-complaint, procured the issuance, by the judge of the Fulton Circuit Court, of a temporary restraining order against appellant, and, appellant having appeared to said cross-complaint, the judge of said court, on March 28, in vacation, granted appellee a temporary injunction, restraining

appellant from proceeding with the construction of said crossing until the next term, or further order of the court; from which action of the court in granting said temporary injunction this appeal is prosecuted.

An earnest effort has been made by counsel for appellee to bring into this action for injunction and into this appeal questions which belong exclusively to the appropriation proceeding, and which remain undisposed of and pending in the Fulton Circuit Court.

An assignment of cross-error has been made calling in question the action of the Miami Circuit Court in overruling appellee's demurrer to appellant's instrument of appropriation, in its orders and decrees establishing and relating to said crossing, and in overruling and sustaining divers subsidiary motions involving the sufficiency of the pleadings in the appropriation proceeding, and the regularity and legality of the order and decree made thereon. Appellee's exceptions to the award filed in the Miami Circuit Court, and which are still pending in the Fulton Circuit Court, embody the same facts that formed the basis of appellee's objections to the instrument of appropriation and order of decree of the court, and which are brought forward and presented in the cross-complaint as grounds for an injunction.

It was held by the Appellate Court in the former appeal (*Wabash R. Co. v. Cincinnati, etc., Railroad, supra*), which ruling was subsequently, on October 8, 1902, upon appellee's application to transfer, reviewed and affirmed by this court, that all questions of law and fact, which arose upon the instrument of appropriation, the interlocutory order and decree of the court, and award of the commissioners thereon, were by appellee's exceptions filed thereto, and the appeal carried forward to the circuit court for final determination. This ruling settles the law on that point so far as this case is concerned, and rules in all

subsequent stages of the case without reference to how the question may afterwards arise. *Board, etc.,* v. *Bonebrake,* 146 Ind. 311, and cases cited.

The questions thus referred to the Fulton Circuit Court have not been considered and finally determined, and there they must remain until the body of the case is fully disposed of. Appellee can not be allowed to execute a flank movement, and in a collateral way secure the adjudication of questions by this court until they have been first decided at *nisi.* It may be that when such questions are decided below it will have no ground of complaint. There is not a question argued or arises, either upon the direct or the assignment of cross-error, that does not arise and properly belong to the main case, and within the rule above announced, save only as to the right of appellant, upon its payment of the award, to take possession of the condemned premises and proceed with the construction of its crossing. The complaint shows that appellant was proceeding to do this, and, if it did not have the right, injunction will lie. If it did, it will not lie. And to this question we must confine ourselves.

We have many sections of the statute relating to the rights and obligations of railroad corporations in the construction of their railroads, in crossing other railroads, and in appropriating the property of others for their tracks; but so far as concerns the question before us it is only important to call attention to §5160 Burns 1901. It is therein provided that the corporation having failed to agree with the owner "shall forthwith deposit with the clerk of the circuit court, or other court of record of the county where the land lies, a description of the rights and interests intended to be appropriated; and such land, rights and interests shall belong to such company, to use for the purpose specified, by making or tendering payment as hereinafter provided. * * * Upon filing such act of appropriation * * * the circuit court * * * in

the county where the land lies, or judge thereof in vacation, upon the application of either party, shall appoint, by warrant, three disinterested freeholders of such county to appraise the damages which the owner of the land may sustain by such appropriation. * * * They shall consider the injury which such owner may sustain by reason of such railroad; and shall forthwith return their assessment of damages to the clerk of such court, setting forth the value of the property taken or injury done to the property which they assess to the owner. * * * And, thereupon, such corporation shall pay to said clerk the amount thus assessed, * * · * and upon making payment * * * · in the manner herein required, it shall be lawful for such corporation to hold the interests in such lands * * * for the uses aforesaid. * * * The award of said arbitrators may be reviewed by the circuit court or other court in which such proceedings may be had, on written exceptions filed by either party in the clerk's office, within ten days after the filing of such award; and the court shall take such order therein as right and justice may require, by· ordering a new appraisement, on good cause shown: Provided, that notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed."

The company's authority to take the property of another for the construction of its railroad proceeded from an exercise of the State's right of eminent domain. In conferring this right the legislature might and did prescribe the exact terms of its enjoyment, within the limits of the Constitution. It is manifest from the statute that the legislature intended that the right to appropriate should be summary and indefeasible by prepayment or tender of just compensation, and the exercise of the right in the mode prescribed. If the appropriating company is within

Cincinnati, etc., Railroad *v.* Wabash R. Co.

the statute, and if its procedure is regular, it is entitled, upon the payment of the award into the clerk's office, to take possession of the property. All the right or power the landowner has in the transaction is to see that the proceeding is regular, and that the compensation awarded him is paid. If he feels aggrieved, either by the irregularity of the proceeding, or by the inadequacy of the compensation allowed, he may file exceptions to the award and appeal the case to the circuit court; but such appeal shall not prevent the company from taking possession, and the proceedings on appeal shall affect only the amount of compensation. That is to say, no matter what may be established on appeal, it shall not defeat the right of the condemning company to the appropriation, but only the amount it may be required to pay for it.

Doubtless the reason for making the right to such an appropriation unquestionable is that it contravenes public policy to permit an individual or corporation to impede, by litigation and incidental delays, the progress of a great enterprise which involves important public interests, as well as the outlay of large sums of money. At any rate, it is settled by the decisions of this court that the proviso of §5160, *supra,* with respect to the right of the appropriating company to take immediate possession, means what it says. We quote from what is said in *Lake Erie, etc., R. Co.* v. *Kinsey,* 87 Ind. 514, the following: "The payment of the amount awarded by the appraisers gives the corporation a right to the immediate possession and a *prima facie* claim to the land subject to an appeal in ten days after the award is filed. If no appeal is taken, at the end of the ten days the title vests and relates back to date of payment. If an appeal is taken no title vests, and the corporation has no greater right than that of a license under the statute to hold possession and proceed with the construction of its road pending litigation. When the compensation has been finally fixed on appeal, then the cor-

poration must pay or tender the compensation so fixed, and on failure to do so it acquires no title to the land, and its license to hold possession and prosecute its work ceases." See, also, *Boyd* v. *Logansport, etc., Traction Co.*, 161 Ind. 587; *Pittsburgh, etc., R. Co.* v. *Swinney*, 97 Ind. 586, 593; *Terre Haute, etc., R. Co.* v. *Crawford*, 100 Ind. 550, 557; *Consumers Gas Trust Co.* v. *Harless*, 131 Ind. 446, 452, 15 L. R. A. 505, and cases there collated.

Appellee chiefly bases its claim for injunctive relief upon the following facts shown by the record: The place of the crossing in controversy is on a curve in appellee's railroad, by reason whereof the outer rail of its track at that point is two and one-half inches higher than the inner rail. Appellant's instrument of appropriation claimed and demanded the right to intersect and cross appellee's railroad at grade, and the Miami Circuit Court, in determining the mode of crossing, prior to the assessment of damages as required by §5158a Burns 1901, to make a practicable crossing, at grade, on the level, among other things ordered that appellee's railroad be made straight for a distance of 100 feet on each side of the center line of the crossing, and that appellee so straighten it within twenty days, and in default appellant should thereafter have the right to enter and straighten it at appellee's cost. The insistence of appellee is that so much of the court's order as directed a change in the construction of its road, and the mandate that appellee accomplish the change within twenty days, or suffer appellant to enter and make it, is void, because it is a right not demanded in the instrument of appropriation, and consequently not appropriated; and notwithstanding the assessment of damages therefor, and payment of the same into the clerk's office for the use of appellee, it did not warrant the taking of possession, because the proviso of the statute only operates as to property that has been legally appropriated.

There can be no doubt that it was within the jurisdiction of the court to make the order complained of upon a proper complaint; and whether a complaint, and demand for a railroad crossing at grade, is sufficient, as implying also a demand for whatever change in existing conditions may prove essential to effectuate the crossing, a judgment or decree rendered upon such complaint would not be void. At most it would be only voidable. It could not, therefore, be attacked in any other way than by appeal. In any view we take of the case it is clear that injunction will not lie.

The order for a temporary injunction is reversed.