STOY v. INDIANA HYDRAULIC POWER COMPANY.

[No. 20,495.   Filed March 16, 1906.]

1. APPEAL AND ERROR.—*Hydraulic Companies.*—*Eminent Domain.* —*Appraisers.*—*Appointment.*—No appeal lies to the Supreme Court from an interlocutory order appointing appraisers under §4834 Burns 1901, §3703 R. S. 1881, to condemn lands for a hydraulic company, an appeal to the circuit court by exceptions to the award being the only remedy.   p. 318.

2. SAME.—*Special Appearance.*—*Question Not Presented on Appeal to Circuit Court.*—Where a special appearance is made to contest the jurisdiction over the person in a proceeding by an hydraulic company to condemn lands, but on appeal to the circuit court such question is not presented, error can not be predicated thereon on appeal to the Supreme Court.   p. 319.

3. SAME. — *Awards.* — *Exceptions.* — *Striking Out.* — Where the trial court struck out all of defendant's exceptions to an award, except the one concerning damages, and defendant took no exception to such ruling, the questions raised by such stricken out exceptions cannot be raised on appeal.   p. 319.

4. SAME.—*Eminent Domain.*—*Instrument of Appropriation.*— *Sufficiency.*—*Assignment of Errors.*—Where defendant assigned on appeal that the trial court erred in overruling his motion for a new trial, and in rendering final judgment, the sufficiency of the instrument of appropriation is not presented.   p. 319.

5. SAME.—*Jurisdiction.*—*Specific Question of.*—*How Raised.*— Where specific objection is raised as to the jurisdiction in a cause, such objection must be brought into the record and properly assigned, in order to save any question thereon.   p. 319.

6. CONSTITUTIONAL LAW.—*Eminent Domain.*—*Hydraulic Companies.*—The statute (§§4833-4835 Burns 1901, §§3702-3704 R. S. 1881) providing for the appropriation of lands by hydraulic companies is not clearly unconstitutional.   p. 320.

7. STATUTES. — *Directory.* — *Hydraulic Companies.* — *Eminent Domain.* — *Awards.* — *Recording.* — Section 4834 Burns 1901, §3703 R. S. 1881, so far as it requires the clerk to record the award of the appraisers of damages in cases of appropriation by hydraulic companies, is directory, and the failure to record is not ground for a new trial.   p. 320.

8. APPEAL AND ERROR. — *Evidence.*—*Officers.*—*Presumptions.*— Where appellant fails to bring up the evidence, questions of the performance of official action will not be considered, the presumption being that official duty was performed.   p. 321.

From Martin Circuit Court; *H. Q. Houghton,* Judge.

Condemnation proceedings by the Indiana Hydraulic Power Company against William L. Stoy and another. From a decree for plaintiff, defendant Stoy appeals. *Affirmed.*

*W. R. Gardiner, C. G. Gardiner, C. K. Tharp* and *J. B. Marshall,* for appellant.

*W. A. Cullop* and *Loveland & Loveland,* for appellee.

GILLETT, C. J.—This is an appeal from proceedings instituted by appellee, an hydraulic company, to condemn property under and by virtue of §4833 *et seq.* Burns 1901, §3702 *et seq.* R. S. 1881. After the filing of an amended instrument of appropriation, appellant entered a special appearance and moved to quash the service. This motion was overruled, and appellant then filed ten objections to the appointment of appraisers. These objections were overruled, and appraisers were appointed. They subsequently filed their award of damages in the clerk's office, and within ten days thereafter appellant filed twelve exceptions to the award. The first exception went to the assessment of damages, and the ninth exception alleged that the appraisers made their assessment under the supposition that the lands described in the warrant contained seven and three-quarters acres, whereas in truth and in fact there were twenty-nine acres embraced within said description. The remaining exceptions went to the authority to condemn, the sufficiency of the instrument of appropriation, and the regularity of the proceedings. On the motion of appellee, the court struck out all of said exceptions except the first and ninth. On said issues the cause was tried without the intervention of a jury, and the court entered a finding and judgment affirming the award of the appraisers. Appellant filed a motion for a new trial, assigning as grounds therefor that the finding of the court was not sustained by sufficient evidence and that it was

contrary to law. Upon the overruling of said motion this appeal was taken. Appellant has not sought to bring the evidence into the record.

Errors are assigned as follows:

"(1) The court erred in overruling the motion of William L. Stoy, made on special appearance, to set aside and quash the notice given by the plaintiff of the appropriation. (2) The court erred in overruling the objection of appellant, William L. Stoy, to the appointment of appraisers to appraise the damages he would sustain by reason of the appropriation of his real estate. (3) The court erred in overruling the motion of appellant, William L. Stoy, for a new trial. (4) The court erred in rendering final judgment in said cause."

Under these assignments appellant's counsel urge that it is not shown that the use for which the land is sought to be appropriated is a public one, but, on the contrary, that it appears affirmatively from the instrument of appropriation that the water-power is desired to generate electricity for the purposes of sale; that the statute is unconstitutional if it purports to authorize such an appropriation; that the instrument of appropriation does not show that the river is at least sixty-five feet wide; that, under the facts set up by appellant in his exceptions, appellee is not a duly organized corporation; that the service upon appellant was insufficient, and that the motion for a new trial should have been sustained because the record does not show that the assessment of damages was recorded by the clerk, as provided by §4834 Burns 1901, §3703 R. S. 1881.

As the law stood when these proceedings were had, it is clear that there could not have been a direct appeal to this court from the order appointing appraisers (*La-Fayette, etc., R. Co.* v. *Butner* [1904], 162 Ind. 460; *Noblesville Hydraulic Co.* v. *Evans* [1904], 163 Ind. 700), that the only appeal which could have been taken was to the circuit court, and that the method of

taking the appeal was by exceptions to the award, whereby it might be reviewed as to matters of both law and fact. *McMahon* v. *Cincinnati, etc., R. Co.* (1854), 5 Ind. 413; *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205; *Cincinnati, etc., Railroad* v. *Wabash R. Co.* (1904), 162 Ind. 303; *Wabash R. Co.* v. *Cincinnati, etc., Railroad* (1902), 29 Ind. App. 546. It is clear that the

2. preliminary objections to the service and to the appointment of appraisers were not brought forward by the mere taking of an appeal to the circuit court, and, consequently, that they have not properly been assigned as error here.

The action of the court below in striking out all of the exceptions which appellant addressed to the award seems

3. to have left no question in issue except as to the amount of the damages. The ruling referred to, as will be observed, has not been assigned as error.

Doubtless the question as to the sufficiency of the instrument of appropriation might have been raised by an independent assignment of error, but we are of

4. opinion that on the errors which have been assigned there is no basis for a determination of the questions upon which appellant chiefly relies. Section 667 Burns 1901, §655 R. S. 1881, requires that the pleading which is to be filed in this court shall be "a specific assignment of errors." It is obvious that this statute is in nowise complied with where the effort is to question the sufficiency of a complaint or of an instrument of appropriation by assigning as grounds therefor the overruling of a motion for a new trial or the rendition of final judgment.

The case does not, even upon the contention of appellant, involve a lack of jurisdiction over the subject-matter.

5. Appellant's counsel submit no argument to show that §4834, *supra,* is unconstitutional; they only assert, in one of their points, that if the statute purports to invest appellee with the right to condemn for

private purposes it is in violation of the Constitution of the State. The case, therefore, as it is presented to us, seems to be one in which the jurisdiction of the court over the general subject stands unchallenged, and that the most which is contended for is that there existed in the particular case a specific objection to the jurisdiction. In such a case the objection must be duly brought into the record. *Perkins* v. *Hayward* (1892), 132 Ind. 95; Elliott, App. Proc., §776. More than that, it can in no sense be said that there was a lack of jurisdiction of the subject-matter. It has been stated, that "Jurisdiction of the subject-matter is not confined to spots within the jurisdictional field, nor to parts of that field, but it extends to the whole field, however wide it may be." 1 Elliott, Gen. Prac., §238. The filing of the instrument of appropriation, together with the proof of service, was a challenge to the court to determine as to its authority to proceed under said statute. The enactment can by no means be said to be clearly unconstitutional, in view of the holdings of this court under cognate statutes rendered prior to the adoption of the Constitution of 1851. In these circumstances, and keeping in mind the character of the court, it must be said that there was jurisdiction over the subject-matter, and that the judgment of the court was not a mere usurpation. Van Fleet, Collat. Attack, §§59, 61, 66. So, whatever view may be taken as to the manner of raising a question as to a want of jurisdiction over the subject-matter, it is plain that in such a case as this we are not authorized to disturb the judgment in the absence of a specific assignment which presents for our consideration an error warranting a reversal.

There remains but one question to consider, in view of the posture of the case, and that is the objection of appellant, based on the overruling of his motion for a new trial, that it is not shown that the assessment of damages was recorded after it was filed with the

clerk. We are of opinion that in this particular the statute is directory. *Jones* v. *Swift* (1884), 94 Ind. 516; *Wampler* v. *State, ex rel.* (1897), 148 Ind. 557, 38 L. R. A. 829; *Custer* v. *Holler* (1903), 160 Ind. 505. But if we should be in error in this, the presumption in favor of the due performance of official action suffices to support appellee, since appellant has not seen fit to bring the evidence into the record.

Judgment affirmed.